UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BAXTON,<br><br>                    Plaintiff,<br><br>-against-<br><br>KATHLEEN M. HAWK; JOSEPH QUONDO; CORRECTION OFFICER JEREMY MONK,<br><br>                    Defendants. | 24-CV-1925 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at USP Canaan in Pennsylvania, brings this *pro se* action invoking 42 U.S.C. § 1983.[1] He asserts claims against two former correction officers for events that took place while Plaintiff was incarcerated in Metropolitan Detention Center (MDC) Brooklyn. Plaintiff also names a former Director of the United States Federal Bureau of Prisons. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] The civil rights statute 42 U.S.C. § 1983 applies to those acting under color of state law, not federal law. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that Defendants violated his rights at MDC Brooklyn. He does not plead facts about the residence of any of the defendants, but he alleges that the events giving rise to his claims occurred at MDC Brooklyn, which is located in Kings County. Kings County is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because it is unknown where Defendants reside, it is unclear whether venue under Section 1391(b)(1) is proper in either this district or Eastern District of New York. The events giving rise to Plaintiff's claims occurred in Kings County, and venue under Section 1391(b)(2) thus is proper in the Eastern District of New York, where the claims arose.

Even if venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the

chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The gravamen of the complaint is Plaintiff's claim for damages against correction officers from MDC Brooklyn, which arose in Kings County. Plaintiff is not incarcerated in this district and was not convicted in this district.[2] It is reasonable to expect that all documents and witnesses relevant to the events at MDC Brooklyn would be in Kings County, and the Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[2] Plaintiff was convicted in North Carolina. *See United States v. Baxton*, No. 3:17-CR-0134-5 (FDW) (SCR) (W.D.N.C. Sept. 4, 2018). Insofar as Plaintiff seeks compassionate release, or protective custody, it may be that venue of all of these claims does not lie in a single district.

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 14, 2024
              New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge